

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-18-00275-CR

RUBEN VASQUEZ                                       APPELLANT

V.

THE STATE OF TEXAS                                      STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
## TRIAL COURT NO. 1528706D

----------

## MEMORANDUM OPINION[1]

----------

Proceeding pro se, Ruben Vasquez attempts to appeal from his state-jail-felony conviction for unauthorized use of a motor vehicle. *See* Tex. Penal Code Ann. § 31.07 (West 2016). Vazquez pleaded guilty to the offense pursuant to a plea bargain, and in accordance with the plea bargain, the trial court sentenced

---

[1]*See* Tex. R. App. P. 47.4.

him to six months in state jail.[2] Consistent with that plea, the "Trial Court's Certification of Defendant's Right of Appeal" states that this "is a plea-bargain case, and the defendant has NO right of appeal" and "the defendant has waived the right of appeal." *See* Tex. R. App. P. 25.2(a)(2). Based on the certification, we notified Vasquez and his court-appointed attorney that his appeal would be dismissed unless, within ten days, he or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 25.2(a)(2), (d), 44.3.

Ten days have passed, but no response has been filed. In his notice of appeal, Vasquez acknowledges that he pleaded guilty but claims that he wants to appeal matters "raised by written pretrial motions not ruled upon prior to the plea." But in a plea-bargain case, a defendant can appeal only "those matters that were raised by written motion filed *and ruled on before trial*" or "after getting the trial court's permission to appeal." Tex. R. App. P. 25.2(a)(2) (emphasis added). The trial-court clerk has informed us that Vasquez filed over 40 pro se motions in the trial court but that the trial court did not rule on any of them before trial. And the trial court did not give Vasquez permission to appeal. Vasquez therefore has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2), (d).

Accordingly, we dismiss the appeal in conformity with the trial court's certification. *See* Tex. R. App. P. 25.2(d), 43.2(f); *Chavez v. State*, 183 S.W.3d

---

[2]As part of the agreement, the State also agreed to waive the enhancement allegations included in the indictment.

675, 680 (Tex. Crim. App. 2006). Along with the appeal, we dismiss all pending motions.[3]

/s/ Elizabeth Kerr
ELIZABETH KERR
JUSTICE

PANEL: KERR, PITTMAN, and BIRDWELL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 16, 2018

---

[3]On June 12, 2018, Vasquez filed a "Motion for Credit on Sentence" and a "Motion for Nunc Pro Tunc Order" in this court. Because we have no authority to do anything but dismiss this appeal, we must dismiss these motions as well. *See Chavez*, 183 S.W.3d at 680.